THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Raymondeze L.
 Rivera, Appellant.
 
 
 
 
 

Appeal From Anderson County
 J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-138
 Heard February 16, 2011  Filed April 5,
2011    

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek
 and Senior Appellate Defender Joseph L. Savitz, III, both of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald
 J. Zelenka, all of Columbia; and Solicitor Christina Theos Adams, of Anderson,
 for Respondent.
 
 
 

FEW, C.J.: Raymondeze
 Rivera was tried and convicted for the murder of Asha Wiley.  At trial, Rivera
 testified on his own behalf and implicated himself not only in Wiley's murder
 but also in the murder of another woman, Kwana Burns.  After the State
 cross-examined Rivera, he rested his case.  Defense counsel explained to the
 court:

 What
 he's left us with now is a confession to two murders.  . . .  The only argument
 I can make to a jury at this point in time is, "Thank you for being here." 
 I mean, really, I cannot say anything to that jury and be ethical about it. . .
 .  So, if he wants a closing statement, since he's gone loose on the witness
 stand, I think it is up to him to act in his own behalf to do it.  Because we
 ethically can not do it.
 The trial court
 responded, "I understand.  I understand.  Mr. Rivera, if you want to make
 a closing statement to the jury, at the appropriate time I will give you that
 opportunity.  Do you understand?"  Rivera
 declined the opportunity.  After the verdict, defense counsel continued to
 represent Rivera during post-trial motions and sentencing.  This appeal
 followed.

LAW/ANALYSIS
Rivera contends the trial
 court's response to counsel constituted a sanction of counsel's concerns with
 making a closing argument, and that, as a result, it became the judge's
 decision not to present a closing argument.  He argues further that this
 decision by the trial court relieved him of counsel in violation of his Sixth
 Amendment rights.  We disagree.    
First, we find
 that the judge's response to defense counsel's concerns was not a ruling.  The
 trial court's response, "I understand.  I understand." was not a
 binding decision.  It neither forced Rivera or defense counsel to do anything
 nor prohibited it.  What remained was a situation in which defense counsel
 could have refrained from closing without the trial court's permission and
 could have decided to make a closing argument despite the trial judge's
 response.  
Second, we find that the
 trial court did not relieve defense counsel.  Defense counsel did not move to
 be relieved, and the trial court did not make a ruling to that effect.  Further, the trial court did not deny Rivera the right to
 make a closing argument or the right to consult his lawyer in delivering it, if
 he chose.  At all points of the trial through sentencing, Rivera was
 represented by counsel.[1]  
AFFIRMED. 
SHORT and KONDUROS, JJ., concur.

[1] "[T]he right to counsel granted by the Sixth and
 Fourteenth Amendments means at least that a person is entitled to the help of a
 lawyer at or after the time that judicial proceedings have been initiated
 against him 'whether by way of formal charge, preliminary hearing, indictment,
 information, or arraignment.'"  Brewer v. Williams, 430 U.S. 387,
 398 (1977) (citations omitted).  The right to counsel does not mandate that
 defense counsel make a closing argument.  See Bell v. Cone, 535
 U.S. 685, 701-02 (2002) (holding that it is not unreasonable for a state court
 to consider the waiving of a closing argument a "tactical decision"
 and not a per se violation of the right to counsel).